*Attorneys at Law*

# POMERANTZ
HAUDEK·BLOCK
GROSSMAN·GROSS LLP

| | | |
|---|---|---|
| One North LaSalle Street | 100 Park Avenue | 1025 Connecticut Ave. N.W. |
| Suite 2225 | New York, NY 10017-5516 | Suite 1000 |
| Chicago, IL 60602-3908 | T 212.661.1100  F 212.661.8665 | Washington, DC 20036 |
| T 312.377.1181  F 312.377.1184 | | T 202.327.5420  F 202.327.5422 |

May 13, 2008

**VIA ECF AND HAND DELIVERY**

The Honorable Laura T. Swain
United States District Court Judge
United States District Court Southern
District of New York
500 Pearl Street
New York, New York 10007

      Re: *In re Municipal Derivative Antitrust Litigation*, 08 Civ. 3002
         (S.D.N.Y.)(LTS)(JCF)

Dear Judge Swain,

      We represent Plaintiff Haywood County Tennessee in the above-referenced action. There are at least four similar antitrust class actions pending across the country – one matter is pending before Your Honor, two are pending in the United States District Court for the District of Columbia and one case was recently filed in the United States District Court for the Northern District of California ("related actions"). The related actions were filed after Defendant Bank of America entered into an amnesty agreement with the Department of Justice, Antitrust Division. We understand that Defendant Bank of America is now cooperating with the government and has likely produced documents and information in connection with its entry into the amnesty program. A motion to transfer and consolidate the related actions pursuant to 28 U.S.C. §1407 has been filed with The Judicial Panel on Multidistrict Litigation ("Panel") and oral argument is now scheduled for May 29, 2008.

      We write pursuant to Rules 1 and 2(A) & (B) of Your Individual Practices and Local Rule 37.2 of the Local Rules for the Southern and Eastern Districts of New York to request a conference in order to seek leave to file a motion to compel Defendants to conduct a Fed. R. Civ. P. 26(f) conference and to produce documents to us which they may have already provided to the U.S. Department of Justice, Antitrust Division ("DOJ"), the Securities and Exchange Commission ("SEC"), the Internal Revenue Service ("IRS") or other plaintiffs' counsel. We understand that Defendant Bank of America has entered into a cooperation agreement with Plaintiffs' counsel in the cases

*Attorneys at Law*

# POMERANTZ
HAUDEK·BLOCK
GROSSMAN·GROSS LLP

The Honorable Laura T. Swain
United States District Court Judge
May 13, 2008
Page 2.

pending in the District of Columbia and is likely providing documents and information which we believe should be produced to us as well.

In an attempt to constructively use the time during which the Panel addresses the current transfer motion and in an effort to create an organizational framework for discovery in this massive case which involves a sixteen year class period, we wrote to the Defendants to request a Fed. R. Civ. P. 26(f) conference. We informed the Defendants that we wished to discuss Fed. R. Civ. P. 26(a) disclosures, the preservation of discoverable information and the creation of a discovery plan which will address discovery of electronically stored information and the form(s) in which it will be produced in this complex and extremely large class action. *See* Exhibit A.

We also requested that Defendants advise whether they have produced documents to the DOJ, SEC, IRS or anyone else in connection with the issues raised in this matter. To the extent that documents have been gathered, bates stamped, copied and stored in boxes and/or electronic format and produced to others, we believe that there is no legitimate reason for refusing to produce those documents to us now since there is no burden in merely making copies of documents that have already been assembled and produced. Moreover, we have agreed to make documents produced to us available to all other plaintiffs' counsel in order to ease any burden on a Defendant.

After consultation with opposing counsel, Defendants have refused to conduct a Fed. R. Civ. P. 26(f) conference now and have refused to state whether they have produced documents to the DOJ, SEC, IRS or anyone else in connection with the issues raised in this matter. Defendants contend the requested Fed. R. Civ. P. 26(f) conference is either premature or impracticable. *See* Exhibit B.

Accordingly, we write to respectfully request a conference with the Court to in order to seek leave to file a motion to compel with respect to these issues. We are available at the Court's convenience.

Respectfully submitted,

Michael M. Buchman

MMB.tao

c:    All Defense Counsel of Record in the Haywood County action

# EXHIBIT A

Attorneys at Law

# POMERANTZ
HAUDEK·BLOCK
GROSSMAN·GROSS LLP

One North LaSalle Street
Suite 2225
Chicago, IL 60602-3908
T 312.377.1181  F 312.377.1184

100 Park Avenue
New York, NY 10017-5516
T 212.661.1100  F 212.661.8665

1025 Connecticut Ave. N.W.
Suite 1000
Washington, DC 20036
T 202.327.5420  F 202.327.5422

April 23, 2008

**VIA EMAIL AND US MAIL**

Joseph F. Wayland, Esq.
Annette Rizzi, Esq.
Simpson Thacher
425 Lexington Avenue
New York, NY 10017-3954

Michael J. Ciatti
King & Spalding
1700 Pennsylvania Avenue, NW
Washington, D.C. 20006-4706

Re: *In re Municipal Derivative Antitrust Litigation*, 08 Civ. 3002
(S.D.N.Y.)(LTS)

Dear Messrs. Ciatti and Wayland and Ms. Rizzi,

We represent Plaintiff Haywood County Tennessee in the above-referenced action.

We are writing to request a Fed. R. Civ. P. 26(f) conference with all defendants to discuss, *inter alia*, the date upon which the parties will make their Initial Disclosures pursuant to Fed. R. Civ. P. 26(a).

During this conference, we also wish to discuss with you the preservation of discoverable information and the creation of a discovery plan which will address discovery of electronically stored information and the form(s) in which it will be produced.

Please propose dates certain during the first week of May that all Defendants are available to conduct such a conference.

We await your timely response.

Yours sincerely,

Michael M. Buchman

MMB.tao

www.pomlaw.com

# EXHIBIT B

SIMPSON THACHER & BARTLETT LLP

425 LEXINGTON AVENUE

NEW YORK, N.Y. 10017-3954

(212) 455-2000

FACSIMILE (212) 455-2502

DIRECT DIAL NUMBER

212-455-3203

E-MAIL ADDRESS

jwayland@stblaw.com

BY EMAIL AND US MAIL

April 28, 2008

Re:   *Haywood County, Tennessee v. Bank of America, N.A. et al.*, (08 Civ. 3002) (LTS) (JCF)

Michael M. Buchman
Pomerantz, Haudek, Block, Grossman
 & Gross LLP
100 Park Avenue
New York, N.Y. 10017-5516

Dear Mr. Buchman:

  We write in response to your letter dated April 23, 2008, requesting a Rule 26(f) conference with all defendants during the first week of May. As you are aware, there is currently pending before Judicial Panel on Multidistrict Litigation a motion to transfer and consolidate these cases to the District Court for the District of Columbia. In light of the MDL proceeding, Judge Swain has adjourned the initial scheduling conference in the above referenced action. *See* April 17, 2008 letter from Joseph F. Wayland, Esq. to The Honorable Laura Swain, endorsed by the Court on April 20, 2008. Consequently, it would be premature to hold a Rule 26 conference at this time. *See* Fed. R. Civ. P. 26(f) ("parties must confer as soon as practicable—and in any event at least 21 days before a scheduling

LOS ANGELES  PALO ALTO  WASHINGTON, D.C.  BEIJING  HONG KONG  LONDON  TOKYO

SIMPSON THACHER & BARTLETT LLP

Michael M. Buchman, Esq.  -2-  April 28, 2008

conference is to be held or a scheduling order is due"). The appropriate time for a Rule 26(f) conference is after the MDL Panel has ruled on the pending motion.

Sincerely,

Joseph F. Wayland

cc: Michael J. Ciatti, Esq.

# KING & SPALDING

1700 Pennsylvania Avenue, N.W.
Washington, DC 20006-4706
Phone: 202/737-0500
Fax: 202/626-3737
www.kslaw.com

Michael J. Ciatti

Direct Dial: 202/661-7828
Direct Fax: 202/626-3737
mciatti@kslaw.com

*VIA E-MAIL AND U.S. MAIL*

April 30, 2008

Michael M. Buchman, Esq.
Pomerantz Haudek Block Grossman
   & Gross LLP
100 Park Avenue, 26th Floor
New York, New York 10017

     Re:   *Haywood County, Tenn. v. Bank of America, N.A. et al.*,
            Civil Action No. 08-3002-LTS (S.D.N.Y.)

Dear Michael:

    I write in response to your April 23, 2008 letter requesting a Rule 26(f) conference during the first week of May in the above-referenced action. We believe that the request is premature for a number of reasons.

    First, as you know, we agreed to accept service of behalf of our client, Bank of America, N.A., in exchange for your agreement that Bank of America has 60 days after a decision by the MDL panel to respond to the complaint. However, our records reflect that we have not received a summons and a copy of the complaint in *Haywood County*. We believe it appropriate, if not necessary, for you to effect service and then for us to enter an appearance before considering the timing of a Rule 26(f) conference.

    Second, we do not believe that a Rule 26(f) conference in early May would be a valuable exercise of the parties' resources at this juncture. As you know, Judge Swain recently adjourned the June 20, 2008 preliminary conference in this matter and the timing of a Rule 26(f) conference is tied to that conference. *See* Fed. R. Civ. P. 26(f)(1) (providing that "the parties must confer as soon as practicable—in any event at least 21 days before a scheduling conference is to be held").

Michael M. Buchman, Esq.
April 30, 2008
Page 2

Judge Swain adjourned the preliminary conference in light of the on-going MDL proceedings and it is similarly appropriate to conduct a Rule 26(f) conference after the MDL proceedings are resolved. In this regard, we recently learned that the MDL has scheduled oral argument in the *In re Municipal Derivatives Antitrust Litigation*, MDL No. 1950, for Thursday, May 29, 2008 in Asheville, North Carolina.

Third, we believe postponing a Rule 26(f) conference is also the prudent course of action in light of the fact that on April 23, the same day as your letter, we learned of a new action filed in the Northern District of California by the City of Oakland in connection with the municipal derivatives litigation. We understand, at least from press reports, that the City of Oakland will seek consolidation of the related matters in the Northern District of California. This recent filing confirms the sound reasoning of Judge Swain's adjournment of not only the preliminary conference in this matter, but in the *Hinds County* matter as well (S.D.N.Y. 08-2516). It is unnecessarily inefficient for the parties to expend the effort and resources necessary to prepare for and participate in a Rule 26(f) conference in a single case in the Southern District of New York when the matters may be transferred to the District of Columbia, or elsewhere. Similarly, even if this matter remains in the Southern District of New York as a result of the MDL proceedings, numerous additional parties will need to be involved in the ultimate Rule 26 process. As such, any discussions, agreements, or schedules resulting from a Rule 26(f) conference now will certainly need to be revisited.

In light of all of these circumstances, it is not "practicable" as contemplated by Rule 26(f) to meet in the time frame you propose, and the Rule 26(f) conference should occur only after the MDL panel has resolved the motion to transfer and consolidate.

Please do not hesitate to contact me should you wish to discuss.

Sincerely,

*Michael J. Ciatti* /smk

Michael J. Ciatti

cc: Joseph F. Wayland *(via email)*
Annette Rizzi *(via email)*