SIMPSON THACHER & BARTLETT LLP

425 LEXINGTON AVENUE
NEW YORK, N.Y. 10017-3954
(212) 455-2000

FACSIMILE (212) 455-2502



DIRECT DIAL NUMBER

212-455-3203

E-MAIL ADDRESS

jwayland@stblaw.com

BY HAND DELIVERY         May 13, 2008

      Re:  *Haywood County, Tennessee v. Bank of America, et al.*,
           S.D.N.Y. No. 08-CV-3002 (LJS) (JCF)

The Honorable Laura J. Swain
Federal District Judge
United States District Court
Southern District of New York
United States Courthouse
500 Pearl St., Room 755
New York, N.Y. 10007



Dear Judge Swain:

      We write on behalf of JPMorgan Chase & Co. in the above-referenced action.[1] We have also been advised by identified counsel for all other defendants that they join in the below request.

      The above-referenced case is an antitrust suit against numerous corporate defendants. Another similar suit is pending before Your Honor in the Southern District of New York,[2] two related cases are pending in the District Court for the District of Columbia,[3]

---

[1] JP Morgan Chase & Co. has yet to be served with a complaint in this suit. In submitting this application, JPMorgan Chase & Co. reserves all defenses in this suit, including defenses and objections based on personal jurisdiction and lack of proper service of process.

[2] See *Hinds County, Mississippi v. Wachovia Bank N.A. et al.*, (08 Civ 2516) (LTS) (JCF).

LOS ANGELES    PALO ALTO    WASHINGTON, D.C.    BEIJING    HONG KONG    LONDON    TOKYO

The Honorable Laura Swain -2- May 13, 2008

and one is pending in the Northern District of California.[4] There is currently pending before the Multidistrict Litigation Panel ("MDL") a motion to transfer and coordinate these cases for pre-trial purposes. Oral argument on this motion is scheduled for May 29, 2008. To our knowledge, all of the parties in the several suits agree that transfer and coordination of these actions in one district is appropriate. The sole disagreement is the proper venue – New York (which we favor), California or the District of Columbia.

In light of the pending MDL proceeding, this Court adjourned the initial scheduling conference in the above-referenced action. *See* Order dated April 18, 2008 (attached as Exhibit A). For the same reasons, this Court previously adjourned the initial scheduling conference in the related Hinds County action. *See* Order dated April 10, 2008 (attached as Exhibit B). This Court also entered an Order in the Hinds County action extending defendants' time to respond to the complaint until 60 days after the MDL Panel issues a decision and the plaintiff files a consolidated amended complaint. *See* Order dated April 10, 2008 (attached as Exhibit C). The same extension has been entered in the District of Columbia action. *See* Order dated April 15, 2008 (attached as Exhibit D).[5] In order to

---

[3] *See Fairfax County, Virginia et al. v. Wachovia Bank, N.A. et al.*, D.D.C. Case No. 1:08-cv-00432; *Fairfax County, Virginia et al. v. Bank of America N.A.*, D.D.C. Case No. 1:08-cv-00433.

[4] *See City of Oakland, California v. AIG Financial Products Corp. et al.*, N.D. Cal. Case No. 08-cv-2116.

[5] Plaintiff Fairfax County has brought an action against a single defendant, Bank of America, N.A. *Fairfax County, Virginia v. Bank of America, N.A.*, D.D.C. 1:08-cv-00433. In that action, plaintiffs extended Bank of America's time to answer until 60 days after a ruling by the MDL Panel. *See* Order dated April 11, 2008 (attached as Exhibit E).

The Honorable Laura Swain         -3-         May 13, 2008

keep all cases pending before the MDL Panel on an equal footing, Defendants hereby request that the same order be entered in the related Haywood County action.

Despite protracted negotiations, we have been unable to reach an agreement with plaintiff's counsel in the Haywood County action to set the same schedule that plaintiffs in the Hinds County action in this Court and District of Columbia action agreed to. Counsel in the Haywood County action insists on provisions apparently intended to provide some advantage in the dispute now before the MDL Panel. For example, counsel for plaintiff refuses to extend defendants' time to respond until after a consolidated amended complaint is filed. Rather, counsel for plaintiff is only willing to extend defendants time to respond to the complaint until 45 days after the MDL Panel rules. It is unlikely that a consolidated amended complaint would even be filed within that time frame, thus requiring the parties to obtain a further extension of time. In addition, counsel for plaintiff is attempting to improperly inject into this stipulation discovery issues by requesting a provision that defendants produce to plaintiff any documents that have been or may be produced in any related action or proceeding. At this preliminary juncture in this complex multidistrict litigation, all such discovery issues should be deferred until after the ruling by the MDL Panel. Once the cases are consolidated before one Court, that Court can most efficiently decide these and other discovery issues.

Therefore, defendants respectfully request that the Court enter the same order it entered in the related Hinds County action. Specifically, defendants request that their time to respond to the complaint in the above-referenced action be extended until 60 days after

[handwritten annotation: "Request granted /s/"]

The Honorable Laura Swain      -4-     May 13, 2008

the MDL Panel rules and a consolidated amended complaint is filed (or plaintiff has announced by filed notice that it will not be filing a consolidated amended complaint). *granted /jtc*

We are available, at the Court's convenience, to discuss any of these issues.

Respectfully submitted,

Joseph F. Wayland

cc:    Michael Buchman, Esq. (*via* email)

SO ORDERED.

_____ 5/16/08
LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE