UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MUNICIPAL DERIVATIVES ANTITRUST LITIGATION | MDL No. 1950 |
| | Master Docket No. 08-02516 (VM) (JCF) |
| THIS DOCUMENT RELATES TO: | CLASS ACTION |
| ALL ACTIONS | **CASE MANAGEMENT ORDER NO. 1** |

WHEREAS the Judicial Panel on Multidistrict Litigation (hereinafter the "Panel") transferred to this Court for coordinated pretrial proceedings those actions identified on Exhibit A hereto (the "Actions"), as well as all subsequently filed putative class actions relating to the sale of "Municipal Derivative" products[1] (the "Tag-Along Actions"); and

WHEREAS, to promote judicial economy and avoid duplication, Plaintiffs and Defendants request that the Court provide for the coordination of the Actions and any other related Tag-Along Actions filed in or transferred into this District;

NOW THEREFORE,

IT IS this 15th day of July, 2008 ORDERED as follows:

## I. Coordination of Actions

1. This Order shall govern the practice and procedure in those actions transferred to this Court by the Panel pursuant to its order of June 16, 2008, as well as all related actions originally filed in this Court or removed to this Court. This Order shall also govern the practice and procedure in any Tag-Along Actions transferred to this Court by the MDL Panel pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation subsequent to the filing of the final transfer order by the Clerk of this Court.

2. The actions described in paragraph 1 of this Order are consolidated for pretrial purposes only. The Actions and Tag-along Actions shall be consolidated for all pre-trial purposes (the "Consolidated Actions"), subject to any subsequent orders of the Court. This consolidation does not constitute a determination that the actions should be consolidated for trial.

## II. Master Docket

3. A Master Docket is hereby established for the Consolidated Actions and for all other related cases that may be filed in or transferred to this Court and coordinated herewith. The Master Docket shall be Civil Action No. 08-02516 (VM). Entries in the Master

---

[1] By using the term "Municipal Derivatives," Defendants do not endorse Plaintiffs' definition.

- 1 -

Docket shall be applicable to these Consolidated Actions as more fully set forth below. Separate dockets shall also be maintained for each of the actions comprising the Consolidated Actions, and entries shall be made therein in accordance with the regular procedures of the Clerk of Court, except as modified by this Order.

### III. Master File and Separate Actions File

4.  The Court established by order of June 23, 2008 a Master File for these Consolidated Actions. All other cases that may be filed in or transferred to this Court and coordinated herewith shall be similarly consolidated in the Master File. The Master File shall be Civil Action No. 08-02516 (VM) (JCF). The original of this Order shall be filed by the Clerk of Court in the Master File herein established. The Clerk of Court shall file a copy of this Order in each such separate file.

### IV. Caption of Cases

5.  Every pleading filed in the Consolidated Actions shall bear the following caption:

| | |
|---|---|
| IN RE MUNICIPAL DERIVATIVES ANTITRUST LITIGATION | MDL No. 1950 |
| | Master Docket No. 08-02516 (VM) (JCF) |
| THIS DOCUMENT RELATES TO: | |

All papers previously filed and served to date in either of the actions coordinated herewith are deemed part of the record in the Consolidated Actions.

6.  When a pleading or other court paper filed in the Consolidated Actions is intended to apply to all actions therein, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO" in the caption set out above. When a pleading or other court paper is intended to be applicable only to one, or some, but not all of the Consolidated Actions, the party filing the document shall indicate in the caption above the

-2-

action(s) to which the document is intended to apply, and shall do so by identifying the short form of the case caption (*e.g.*, *[the named plaintiff] v. [first named defendant], et al.*).

## V. Filing and Docketing

7. When a paper is filed and the caption, pursuant to Section IV.6. above, shows that it is to be applicable to "All Actions," such paper shall be filed in the Master File and the Clerk shall note such filing in the Master Docket. Such papers need not be filed, and docket entries need not be made, in any other case file.

8. When a paper is filed and the caption, pursuant to Section IV.6. above, shows that it is to be applicable to fewer than all of the Consolidated Actions, such paper shall be filed in the Master File and the Clerk shall note such filing in the Master Docket.

## VI. Application of This Order to Subsequently Filed or Transferred Cases

9. Counsel in the Consolidated Actions shall call to the attention of the Court the filing or transfer of any related action arising out of similar facts and circumstances and that therefore might properly be coordinated with the Consolidated Actions. Counsel in the Consolidated Actions shall promptly mail a copy of this Order to counsel for Plaintiff(s) in each such subsequently filed or transferred related action and to counsel for any Defendants in each such action not already a party to any action previously coordinated. Promptly thereafter, upon notice to counsel for the parties in each such action, counsel for Plaintiffs in the Consolidated Actions and counsel for Defendants shall submit to the Court a proposed order consolidating any such action. Any party objecting to the application of this Order to such a subsequently filed or transferred action shall, within twenty (20) days after the date upon which such a copy of this Order is mailed by counsel in the Consolidated Actions to counsel for such party, file a motion seeking relief from this Order.

## VII. Filing and Service of Documents

10. This case is assigned to the Electronic Case Filing (ECF) System. The parties are referred to the Court's Electronic Case Filing Rules & Instructions (May 28, 2008), www.nysd.uscourts.gov/ecf/ECF_rules_SDNY_May08.pdf.

11. Papers that are filed electronically through the Court's ECF system are deemed served on all parties as of the date of filing. All other service of papers shall be governed by the Federal Rules of Civil Procedure unless otherwise agreed by the parties.

## VIII. Appearances

12. Counsel who have not yet entered an appearance shall electronically file a Notice of Appearance in the Master Docket. Counsel who appeared in a transferor court prior to their case being transferred to this Court need not enter an additional appearance before this Court.

13. Attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation. Pursuant to Rule 1.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, association of local counsel is not required.

## IX. Preservation of Evidence

14. The Parties shall preserve evidence. The parties' obligations to preserve evidence are governed by the Federal Rules of Civil Procedure and the Local Civil Rules of the Southern District of New York. Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation.

## X. Cooperation Among Defendants and Among Plaintiffs

15. Defendants and Plaintiffs shall, to the extent practicable and as discussed further below, coordinate among themselves for efficient and prompt management of these cases. Cooperation among either Plaintiffs or Defendants to coordinate motion practice or discovery, or

otherwise to minimize burdens or expenses in this litigation, is encouraged by this Court and shall not constitute evidence of bad faith, conspiracy, concerted action, or any other wrongful or unlawful conduct.

## XI.  Applicable Deadlines

16.  The following deadlines are entered for the briefing related to the motions for appointment as lead counsel: Motions filed on or before July 14, 2008; Responses filed July 18, 2008. The Court shall set a date for oral argument if it determines such argument is necessary.

17.  An amended consolidated complaint shall be filed in the Consolidated Action on or before August 22, 2008 ("Consolidated Amended Complaint").

18.  Responsive pleadings

   a.  Pursuant to Stipulations among the parties, Answers, Motions to Dismiss, or other responses to the Consolidated Amended Complaint will be filed on or before sixty (60) days after the filing of the Consolidated Amended Complaint.

   b.  Opposition briefs to any motions to dismiss the Consolidated Amended Complaint shall be filed sixty (60) days after filing of any such motions.

   c.  Reply briefs in support of motions to dismiss the Consolidated Amended Complaint shall be filed thirty (30) days after the filing of opposition briefs.

   d.  A hearing on any motions to dismiss will be held on a date convenient to the Court.

19.  Discovery

The parties shall discuss discovery issues following the appointment of interim counsel and may thereafter bring disputes to the Court's attention.

20.  Motions

The parties currently anticipate filing the following pre-trial motions:

   a.  Plaintiffs:  Motion for class certification.

      b.    Defendants:    Motions to dismiss and/or motions for summary judgment; motion to stay discovery.

    21.    Plaintiffs have demanded a trial by jury.

Dated: 15 July 2008

_____
VICTOR MARRERO
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

*Hinds County, Mississippi v. Wachovia Bank, N.A., et al.*,
　　Case No. 1:08-2516 (VM) (S.D.N.Y.) (filed March 13, 2008);

*Haywood County, Tennessee v. Bank of America, N.A., et al.*,
　　Case No. 08-3002 (VM) (S.D.N.Y.) (filed March 24, 2008);

*Fairfax County, Virginia, et al. v. Packerkiss Securities, Inc., et al.*,
　　Case No. 1:08-432 (JR) (D.D.C.) (filed March 12, 2008); and

*Fairfax County, Virginia, et al. v. Bank of America*,
　　Case No. 1:08-433 (JR) (D.D.C.) (filed March 12, 2008).